UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRUCE R. ASHLEY,

                Plaintiff,             06-CV-6614T

      v.                                    **DECISION**
                                                  **and ORDER**

JO ANNE B. BARNHART, Commissioner
of Social Security

                Defendant.
_____

## INTRODUCTION

Plaintiff Bruce R. Ashley ("Ashley") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security improperly denied his application for disability benefits.[1] Specifically, Ashley alleges that the decision of an Administrative Law Judge ("ALJ") denying his application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Ashley opposes the defendant's motion, and cross-moves for judgment on the pleadings. Because the Court determines that the findings of the Commissioner are supported by substantial evidence,

---

[1] This case (formerly civil case 03-CV-0191(E)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 4, 2006.

judgment on the pleadings is hereby granted in favor of the defendant.

## BACKGROUND

On August 30, 2000, plaintiff Bruce Ashley, at the time a 37 year old former laborer, applied for Social Security disability benefits, claiming that he had become unable to work as of November 22, 1999 because of knee problems. Ashley's application was initially denied on December 1, 2000, and again on reconsideration on February 14, 2001. Thereafter, Ashley requested an administrative hearing before an Administrative Law Judge which took place on December 7, 2001. Plaintiff was represented by counsel at the hearing.

In a decision dated January 24, 2002, the ALJ found that although Ashley's knee problems were severe, he was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. Ashley's appeal of the ALJ's decision to the Social Security Appeals Board was denied on February 12, 2003, and on March 10, 2003 plaintiff filed this action.

## DISCUSSION

I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined

as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the Court determined that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

II. <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.</u>

The ALJ made the determination based on the evidence before her that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from severe degenerative arthritis of the knees, this condition did not constitute an impairment under 20 C.F.R. 404.1501 et. seq. (Transcript of Administrative Proceedings at page 20) (hereinafter "T.").

The plaintiff contends that the ALJ erred in not giving controlling weight to the assessments of Dr. Graham R. Huckell, plaintiff's orthopedic surgeon. I find, however, that the ALJ properly evaluated the opinions given by Dr. Huckell who repeatedly opined that plaintiff could perform sedentary work and recommended job retraining. Specifically, Dr. Huckell opined on June 5, 2000, August 7, 2000, and November 6, 2000 that plaintiff has unrestricted use of his upper extremities and should seek employment that avoids prolonged standing, walking, lifting, kneeling, or bending. T. 225-29. On May 2, 2001 and June 13, 2001, Dr. Huckell recommended job retraining because plaintiff could only perform sedentary work. T. 222-24. On August 24, 2001, Dr. Huckell

reported that plaintiff was able to walk without a cane, but does use one in the latter part of the day, recommended job retraining and reiterated that plaintiff could perform sedentary work. T. 220. Dr. Huckell's testimony supports the ALJ's conclusion that plaintiff retains the residual functional capacity to perform sedentary work.

The plaintiff also contends that the ALJ erred in not soliciting the testimony of a vocational expert. The services of a vocational expert are used "[i]f the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used..." 20 C.F.R. § 404.1566(e). Here, based upon the substantial evidence in the record, the ALJ determined that Ashley is capable of performing the demands of the full range of sedentary work, and therefore a finding of "not disabled" is directed by Medical-Vocational Rule 201.27. Because plaintiff can perform the full range of sedentary work, the existence of jobs in the national economy is obvious, and therefore the ALJ did not err by not seeking the services (opinion) of a vocational expert in this case.

Lastly the plaintiff contends that the ALJ erred by failing to consider the plaintiff's subjective complaints of pain and limitations. I find, however, that the ALJ did properly consider Ashley's subjective complaints of pain and limitations in making his determination that plaintiff is not disabled. Although the plaintiff did complain of severe pain and physical limitations, the ALJ properly determined that based on the record as a whole,

including testimony from workers' compensation doctors, a consultative examiner, the state agency, and plaintiff's own treating surgeon and physicians, plaintiff is able to perform sedentary work and is therefore not disabled. I find this determination to be supported by substantial evidence in the record and in accordance with the proper legal standards.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


\_\_\_S/Michael A. Telesca
_____
      MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 4, 2007